**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Mario Alexis Hernandez Martinez,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**Patricia Hyde et al.,**<br><br>**Respondents.** | **Civil Action No. 25-13852-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Mario Alexis Hernandez Martinez ("Hernandez Martinez" or "petitioner"). He contends that he is currently being detained unlawfully by Patricia Hyde and other named respondents (collectively, "respondents"). Because petitioner is subject to a final removal order, his continued detention is lawful and his petition will be denied.

## I. Background

Petitioner is 19 years old and a citizen of El Salvador. He entered the country without inspection in May, 2016. In July, 2019, an immigration judge denied petitioner's application for asylum and withholding of removal and ordered him removed to El Salvador. The Board of Immigration Appeals ("BIA") upheld that decision in July, 2023.

On December 12, 2025, petitioner was arrested by Immigration and Customs Enforcement - Enforcement and Removal Operations ("ICE-ERO"). He filed the pending petition for writ of habeas corpus on December 16, 2025, and the government timely responded.

## II. Petition for Writ of Habeas Corpus

### A. Legal Standard

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 permits a prisoner to challenge the administration of his detention rather than its validity. Dinkins v. Boncher, No. 21-CV-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). The burden is on petitioner to show that his custody violates the Constitution or laws of the United States. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

### B. Application

#### i. Statutory Requirements

Petitioner claims that he is detained pursuant to 8 U.S.C. §1226(a) and is therefore eligible for a bond hearing. He contends that §1225(b)(2), which mandates custody of aliens detained at the border, does not apply to him.

In this case, petitioner is mistaken. Both §1225 and §1226 are statutory provisions relating to the detention of aliens pending removal proceedings, not those, such as Hernandez Martinez, who have already been ordered removed. Petitioner is,

instead, subject to the provisions §1231, which provides for the custody of aliens with final orders of removal. That statute requires that an alien be removed within 90 days of their removal order becoming final ("the removal period"), during which time their detention is mandatory. An alien found to be inadmissible under §1182 may be detained beyond the removal period for a reasonable amount of time, §1231(a)(6), but presumably no longer than six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

Under the prescribed framework, petitioner's detention is lawful. It is unclear from the record why or how petitioner was released at the conclusion of his removal proceedings, or if he was ever in custody. What is clear, however, is that petitioner has been subject to a final removal order since at least July, 2023. The government concedes that his removal period has long since lapsed but that, because he is inadmissible under §1182(a)(6)(A)(i) as having been neither admitted nor paroled, he may nonetheless be detained under §1231(a)(6). The Court agrees and finds petitioner's detention lawful under these provisions.

**ii. Constitutional Challenge**

Petitioner claims that his detention violates his right to due process under the Fifth Amendment of the United States Constitution. His argument in support of that assertion is, in

essence, that the Due Process Clause applies to all people, including aliens, physically present within the United States.

While petitioner is correct that he is to be afforded due process, he is incorrect that his current detention contravenes that right. As the United States Supreme Court made clear in Zadvydas, detention under §1231(a)(6) is presumed to be constitutionally valid for a period of up to six months. 533 U.S. at 701. Petitioner has been detained for less than two weeks. Such relatively brief detention does not violate his right to due process under the United States Constitution.

**iii. Regulatory Challenges**

Finally, Hernandez Martinez alleges that his continued detention without a bond hearing violates bond regulations found at 8 C.F.R. §§236.1, 1236.1 and 1003.19. Again, he is detained pursuant to §1231(a)(6), which does not afford him the right to a bond hearing similar to that of §1226(a). Johnson v. Arteaga-Martinez, 596 U.S. 573, 584 (2022). His custody does not therefore implicate, let alone violate, any such regulations.

**ORDER**

For the aforementioned reasons, the petition for writ of habeas corpus (Docket No. 1) of Hernandez Martinez is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: December 23, 2025